James J. Conroy, J.
The instant action arose out of an alleged automobile accident. Robert Root, the sole remaining defendant, was the operator of the automobile which allegedly struck the automobile in which the plaintiff was a passenger. Thereafter, the insurance company insuring the automobile that the defendant Robert Root was operating, disclaimed liability inasmuch as he was allegedly operating the automobile without the permission and consent of the owner. Thereupon, the plaintiff filed with the Motor Vehicle Accident Indemnification Corporation (MVAIC) a notice of intention to make a claim on the ground that the defendant Robert Root was not covered by insurance.
Inasmuch as the action had already been commenced, MVAIC interposed an answer on behalf of the defendant Robert Root, pursuant to the provisions of article 17-A of the Insurance Law, denying the allegations in plaintiff’s complaint upon information and belief.
*862 The plaintiff now moves for an order transferring the venue of this action from the Supreme Court of the State of New York, County of Queens, to the Civil Court of the City of New York, County of Queens, and reducing the amount of damages demanded by the plaintiff in the complaint to the sum of $10,000 and amending the summons and pleadings accordingly.
MVAIC opposes the transfer, contending that the Legislature in the enactment of article 17-A of the Insurance Law has indicated that the jurisdiction of cases involving MVAIC, directly or indirectly, may be vested solely in the Supreme Court.
Subdivision 1 of section 110-b of the Civil Practice Act provides : “ Whenever in any action in the supreme court * * *
it shall appear that the damages sustained are less in amount than originally alleged, claimed or prayed for in any pleading so that but for the amount demanded said action should have been brought in a lower court, such action may be transferred to a lower court having jurisdiction thereof by order of a justice or judge of the court in which such action is pending
The New York City Civil Court has jurisdiction inter alia of actions for the recovery of money where the amount sought to be recovered, or the value of the property, does not exceed $10,000 (exclusive of interest and costs) provided that the action is brought to recover damages for a personal injury or an injury to property and the cause of action arose within the City of New York. (N. Y. C. Civ. Ct. Act, §§ 6, 7.) The New York City Civil Court, accordingly, would have had jurisdiction of the action over the defendant if the action had been originally instituted in that court for a sum not to exceed $10,000.
The only issue herein is whether that court is divested of its jurisdiction by article 17-A of the Insurance Law when the defendant is or may be uninsured, when notice of intention to make a claim has been filed and the MVAIC has appeared through counsel for the defendant. The said article does not expressly provide that the Civil Court is divested of jurisdiction. There is nothing therein contained which would give rise to the contention that the Legislature intended this to be a consequence. On the contrary, MVAIC has the duty (Insurance Law, § 605, subd. [a], par. [2]) and the power (Insurance Law, § 606, subd. [e]; see, also, §§ 609, 614) to appear in any action brought against a financially irresponsible motorist. It is true that certain applications permitted or required by article 17-A specify the court or courts in which those applications must be made. For example, an application to file a late notice of claim must be made in the Supreme Court or the County Court in the county where an action on the cause or causes of action of *863 the qualified person could properly be brought to trial. (Insurance Law, § 608, subd. [c].) In a “ hit and run ” case, the application must be made in the Supreme Court for an order permitting the injured person to bring an action against MYAIC in that court. (Insurance Law, § 618, subd. [a].)
Neither situation is applicable in the instant case. The defendant Robert Root herein is a known person, his identity having been known to plaintiff and an action having been commenced against him. MYAIC has appeared on his behalf. If the plaintiff recovers a final judgment against the defendant in any court of “ competent jurisdiction ”, he may then file a verified petition in the court in which the judgment was entered and apply to the court for an order directing payment by MYAIC of the amount unpaid upon such judgment which does not exceed the maximum amount or limit of $10,000, exclusive of interest and costs. (Insurance Law, § 610.) The Legislature did not define “court of competent jurisdiction” in this act. It has been held, however, that such a court is one having lawful jurisdiction and which has the power to consider and decide one way or the other as the law may require. (People ex rel. Fisher v. Morhous, 183 Mise. 51, 58.) The New York City Civil Court, having the power to decide an action for the recovery of damages for personal injuries where the damages sought do not exceed $10,000, is therefore a competent court to render a final judgment against the defendant herein and to make an order directing MYAIC to pay the amount unpaid upon such judgment, pursuant to section 610 of the Insurance Law.
The argument of MYAIC that since an application pursuant to subdivision (c) of section 608 must be made returnable in a Supreme Court or in a County Court and an application pursuant to subdivision (a) of section 618 must be made in the Supreme Court, that it therefore follows that all actions concerning uninsured motorists must be confined to the Supreme Court or the County Court, is without merit. In the first place, subdivision (c) of section 608 and subdivision (a) of section 618 are not even consistent one with the other in that regard. In the second place, matters to be determined by the court, pursuant to an application under those sections, is entirely different from the matter to be decided by the court in the instant action, viz., the issue of liability and damage to the defendant. In the General Municipal Law (§ 50-e), an almost identical provision with that of article 17-A of the Insurance Law is provided to the effect that an application for leave to serve a late notice must be made returnable at a Trial or a Special Term of the Supreme Court or of the County Court in the county where *864 the action could properly be brought. It has never been contended that such provision'meant that actions against a municipality must be confined to the Supreme or County Court. If, indeed, the contention of MVAIC is correct, any action properly commenced in the Civil Court of the City of New York upon determination that the defendant was uninsured and a proper notice of intention to make a claim having been filed with the said MVAIC, the action would then have to be transferred to the Supreme Court where some question might arise as to the plaintiff obtaining a preference pursuant to the special rule of the Second Department as now constituted. The Legislature did not choose to expressly divest the New York City Civil Court of jurisdiction over an action such as this and this court will not do so on the argument that the Legislature divested that court by implication. The same reasoning would apply to the transfer of this case to the Civil Court.
The motion is accordingly granted.